UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORREY SELCK,[1]

          Plaintiff,

    v.

TONY LOPEZ, *et al.*,

          Defendants.

Case No.  2:25-cv-1950-DC-JDP (PS)

ORDER TO SHOW CAUSE

Plaintiff filed this action against Tony Lopez d/b/a/ Tony the Tiger Bail Bonds; Smileys Barber Shop; Sean Christensen, Marylin Christensen, and Hank Martinez, owners of Smileys Barber Shop.  However, after reviewing the complaint, I find that it fails to establish a basis for the court's subject matter jurisdiction.  Plaintiff will be provided fourteen days to show cause why this action should not be dismissed.  Failure to comply with this order will result in a recommendation that this action be dismissed.

A district court has an independent duty to ascertain its jurisdiction.  *See* 28 U.S.C. § 1447(c).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the

---

[1] On April 8, 2026, Judge Delaney issued a recommendation that plaintiff be declared a vexatious litigant.  *See Selck v. California Department of Social Services*, 2:25-cv-2868-DC-CKD, ECF No. 22.  Those recommendations remain pending before Judge Coggins.

1

complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  Critically, on the face of the complaint, there is no federal question jurisdiction.  Plaintiff makes passing reference to sections in Title 18 of the United States Code, but federal criminal statutes do not provide private rights of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that there is no private right of action under 18 U.S.C. §§ 241, 242).  Moreover, a passing reference to a federal law is "insufficient to support federal jurisdiction under the well-pleaded complaint rule." *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013).

Further, the complaint fails to support diversity jurisdiction.  Diversity jurisdiction requires that the amount in controversy exceed $75,000 and complete diversity.  28 U.S.C. § 1332(a).  Plaintiff lists both his and defendants' residences in California.  Accordingly, there does not appear to be a basis for diversity jurisdiction on the face of the complaint.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

2

2. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.


Dated:    May 5, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3