UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORREY SELCK,[1]

Plaintiff,

v.

TONY LOPEZ, *et al.*,

Defendants.

Case No. 2:25-cv-1950-DC-JDP (PS)

ORDER;
FINDINGS AND RECOMMENDATIONS

Plaintiff filed this action against Tony Lopez d/b/a/ Tony the Tiger Bail Bonds; Smileys Barber Shop; Sean Christensen, Marylin Christensen, and Hank Martinez, owners of Smileys Barber Shop. However, after initially reviewing the complaint, I found that it failed to establish a basis for the court's subject matter jurisdiction. Thus, I provided plaintiff with fourteen days to show cause why this action should not be dismissed for lack of jurisdiction. Plaintiff filed a response, but his response does not demonstrate that this court has jurisdiction.[2] Accordingly, I now recommend that this action be dismissed.

[1] On April 8, 2026, Judge Delaney issued a recommendation that plaintiff be declared a vexatious litigant. *See Selck v. California Department of Social Services*, 2:25-cv-2868-DC-CKD, ECF No. 22. Those recommendations remain pending before Judge Coggins.

[2] Plaintiff's response is difficult to follow and largely consists of a recitation of Federal Rule of Civil Procedure 12. ECF No. 14.

A district court has an independent duty to ascertain its jurisdiction. *See* 28 U.S.C. § 1447(c). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Critically, on the face of the complaint, there is no federal question jurisdiction. Plaintiff makes passing reference to sections in Title 18 of the U.S. Code, but federal criminal statutes do not provide private rights of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that there is no private right of action under 18 U.S.C. §§ 241, 242). Moreover, a passing reference to a federal law is "insufficient to support federal jurisdiction under the well-pleaded complaint rule." *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013).

Further, the complaint fails to support diversity jurisdiction. Diversity jurisdiction requires that the amount in controversy exceed $75,000 and complete diversity. 28 U.S.C. § 1332(a). Plaintiff lists both his and defendants' residences in California. Accordingly, there is no basis for diversity jurisdiction on the face of the complaint and plaintiff has failed to

demonstrate that the court has jurisdiction over this action, *see* ECF No. 14.

Accordingly, it is hereby ORDERED that plaintiff's requests for oral argument, ECF Nos. 11 & 12, are DENIED as moot.

Further, it is hereby RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction and the Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE